Roberta L. Steele, Regional Attorney
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Ave, 5th Floor West
P.O. Box 36025
San Francisco, CA  94102

John F. Stanley, Supervisory Trial Attorney
May R. Che, Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Wa  98104
Tel: (206) 220-6919
Facsimile:  (206) 220-6911
may.che@eeoc.gov

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>THE SALVATION ARMY,<br><br>Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>*AMERICANS WITH DISABILITIES ACT ACTION (42 U.S.C. § 12117(a)) AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008, 42 U.S.C. § 12101 et. seq.*<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 *et. seq.*, ("ADA" and "ADAAA") to correct

EEOC v. The Salvation Army - COMPLAINT
Page 1 of 6

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6883
Facsimile:  (206) 220-6911

Case 3:16-cv-00240-SLG   Document 1   Filed 10/17/16   Page 1 of 6

unlawful employment practices on the basis of disability and to provide appropriate relief to Eric Yanusz, who was adversely affected by such practices. The Equal Employment Opportunity Commission alleges that The Salvation Army ("Defendant") discriminated against Mr. Yanusz, a qualified individual with a disability, when it failed to hire Mr. Yanusz for an entry level position as a Certified Collection Center Attendant ("CCC Attendant" also called "Donation Attendant") on the basis of Mr. Yanusz's disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Alaska.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1).

EEOC v. The Salvation Army - COMPLAINT
Page 2 of 6

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911

Case 3:16-cv-00240-SLG   Document 1   Filed 10/17/16   Page 2 of 6

4. At all relevant times, Defendant has continuously been doing business in the State of Alaska and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty (30) days prior to the institution of this lawsuit, Charging Party Eric Yanusz filed a charge with the EEOC alleging violations of Title I of the ADA by Defendant.

8. On January 14, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title I of the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

EEOC v. The Salvation Army - COMPLAINT
Page 3 of 6

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911

Case 3:16-cv-00240-SLG Document 1 Filed 10/17/16 Page 3 of 6

11. On July 11, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least June 2014, Defendant has engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §§ 12112(a). Defendant discriminated against Eric Yanusz when it failed to hire him for a CCC Attendant position at Defendant's Wasilla, Alaska facility on the basis of his disability, in violation of Section 102(a) of the ADA.

14. Mr. Yanusz is qualified for the CCC Attendant position, because it is a low-skill, entry-level job that requires no prior experience and for which Defendant provides on-the-job-training for all new hires. Mr. Yanusz also had previously performed three internships at a medical center and had worked in a part-time position in a local church.

15. Mr. Yanusz is a qualified individual with a disability under Section 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Mr. Yanusz has an intellectual disability, which substantially limits the major life activity of brain function.

16. The effect of the practices complained of in paragraph 13 above has been to deprive Mr. Yanusz of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

17. The unlawful employment practices complained of in paragraph 13 above were and are intentional.

EEOC v. The Salvation Army - COMPLAINT
Page 4 of 6

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911

Case 3:16-cv-00240-SLG Document 1 Filed 10/17/16 Page 4 of 6

18. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Eric Yanusz.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with it, from unlawfully failing to provide equal employment opportunities to applicants for employment and employees with disabilities and to accommodate applicants' and employees' disabilities, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Mr. Yanusz by providing appropriate back pay with interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Mr. Yanusz by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13 above, including past and future out-of-pocket losses, in amounts to be determined at trial.

E. Order Defendant to make whole Mr. Yanusz by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in

EEOC v. The Salvation Army - COMPLAINT
Page 5 of 6

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911

Case 3:16-cv-00240-SLG Document 1 Filed 10/17/16 Page 5 of 6

paragraph 13 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F.  Order Defendant to pay Mr. Yanusz punitive damages for its malicious or reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

  G.  Grant such further relief as the Court deems necessary and proper in the public interest.

  H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 17th day of October, 2016.

| | |
|---|---|
| ROBERTA L. STEELE<br>Regional Attorney | P. DAVID LOPEZ<br>General Counsel |
| BY: */s/ Roberta L. Steele*<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>909 First Avenue, Suite 400<br>Seattle, WA 98104-1061<br>Telephone (206) 220-6919<br>Facsimile (206) 220-6911<br>Roberta.steele@eeoc.gov | JAMES L. LEE<br>Deputy General Counsel<br><br>GWENDOLYN Y. REAMS<br>Associate General Counsel<br><br>Office of the General Counsel<br>131 M Street, N.E.<br>Washington, D.C. 20507 |
| JOHN F. STANLEY<br>Supervisory Trial Attorney<br>John.stanley@eeoc.gov | |
| MAY R. CHE<br>Senior Trial Attorney<br>May.che@eeoc.gov | |

Attorneys for Plaintiff EEOC

EEOC v. The Salvation Army - COMPLAINT
Page 6 of 6

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone: (206) 220-6883
Facsimile: (206) 220-6911

Case 3:16-cv-00240-SLG Document 1 Filed 10/17/16 Page 6 of 6